stated earlier the first case today will be number one eight one six one i'm sorry one eight one six two one john marco tolomeo versus the united states thank you thank you good morning your honors i may please the court bernard grossberg for the petitioner repellent john bartolomeo the essence of the appeal is a simple proposition that the sentence imposed on mr bartolomeo in the district court consisted of two segments the first segment being the sentence imposed for his guilty plea to the drug offenses and the calculation that was done under the guidelines as they existed in 1998 the second segment was the upward departure for the he must be resentenced given the fact that he is no longer a career offender by virtue of the supreme court's decision in uh in johnson and that he must be resentenced as to the drug segment uh the drug segment uh portion of his uh of his uh sentence uh the upward departure would still uh stand uh in effect the the difference being that the district court at the time that uh the petitioner was sentenced found since he was a career offender the sentence for the drug offenses was 27 years because he wound up in uh criminal history category uh six and now once the designation of career offender is removed he would be uh placed in category uh three and his uh underlying drug conviction sentence would be 13 to 16 years plus the eight years that uh judge young found was appropriate for the upward departure uh given the council excuse me in in looking at the transcript of the combined plea and sentencing hearing i i i came away with the impression and i would like you to respond to that why why my impression is probably not right that the court was concerned there for sure with the guide with the guidelines calculation but i had the impression that he thought it was important and it is important that the defendant understand what the guidelines calculation would be but it really wasn't all that important to him in terms of the upward departure of 35 years and what we're concerned about here is how the guidelines calculation whether it was or was not important to him as opposed to the defendant what what's what's wrong with that reading of what was happening the problem with that reading is that there has to be a guideline calculation and a sentence calculated under the guidelines so that the court knows from the the point from which it departs if you if you if you simply say well he gets 35 years that's not what uh uh the uh sentencing entailed because judge young painstakingly went through the guideline calculation where's if if following Iran is yes because he wanted to be sure that the there's no explanation of where the departure starts from the key word is from he's going to get an eight year uh additional sentence eight years from where and that's why i submit to your honor that the calculation has to first be the uh calculation for the drug offenses then the with departure and now given the change in the law he uh is entitled to have the drug portion sentence uh reduced your honor's uh uh question uh in my eyes against the raises the issue of uh was this sentence 35 years no matter what well that's not the situation because one uh there would have been a binding plea agreement if the parties had agreed to uh 35 years but there wasn't a binding plea agreement at that time uh and explicitly stated in the plea agreement it the plea was entered under 11 e 1 b which was not binding secondly if it was a 35 year sentence and nothing further why was paragraph uh eight c included in the plea agreement which expressly gave the petitioner the right to appeal the sentence if there was as there is a change in the law if it was 35 years no matter what the hc would not have been uh included in the plea counsel i'm sorry i'm simply not following your binding agreement argument if in fact the judge accepted the recommendation of 35 years on the understanding that your client was avoiding a murder charge which would have put him in prison for the rest of his life he was avoiding both and federal uh murder charges and indeed at the plea hearing he agreed that he had intentionally killed uh this other man if that was in fact the basis for the sentence that was entered as judge zobell found what is wrong with that and why is the binding or non-binding nature of the agreement relevant at all to the sentence that was actually given because the reasoning of the of the petitioner at that part at that time was i'm getting 27 years because i'm career i see in order to avoid a uh life sentence um he uh he was so influenced by the guidelines calculation that that's what we should think is important here if if he was going to get a sentence that was imposed without the career offender uh designation it would have been somewhere in the area of 13 to 16 years judge zobell said he has not met his burden of proof to show there was actual there was a reasonable probability that it uh the sentence would have been otherwise and isn't that a factual determination that we review for clear error well i did i did argue that in the brief there was just answer my question isn't that a factual determination and we review that for clear error correct so what is the clear error the clear error is that was it not for the designation as a career offender he would not have agreed to the upward departure if he was facing 13 and 16 in that range as opposed to 27 the eight years would have would have not been something he agreed to because it wasn't exactly a murder charge it was a vehicular homicide charge to which he claimed he had a uh a defense but once the offer was made to throw it in throw all of that potential uh litigation and charges in and he was already going to get 27 years in his thinking he took the extra eight but what i answered the question thank you the question is what happens now given the fact that he's no longer a career offender and i would argue to your honor it wasn't a situation where it was 35 years no matter what because that's not what the plea agreement states one he has that right to appeal if it was a binding plea agreement why would he have the right to appeal and why would uh he i'd standing here arguing because he expressly uh retained the right to uh appeal the sentence and exactly the exact situation that we are now if there was a change in the law and there was a change in the law uh the other point was if it was 35 years uh binding on all parties there would have been a plea pursuant to a b type of plea where it was 35 years and the judge would not have to have gone through the uh explanation of the guidelines judge young in terms of sentencing goes through the guidelines in detail as to the drug offense majority of that joint hearing and then says in eight lines only oh yeah let's get to the michaels thing the words to that effect it's only a sort of an afterthought that the court takes into consideration the additional uh eight years upward departure thank you thank you counsel thank you your honor um good morning may it please the court jennifer zapps for the united states um in this case um i think as judge howard chief judge howard's questions suggested the district court's decision in this case the original sentencing court's decision was driven not by the guidelines in the district court in this case found in denying the 2255 the career offender designation was an afterthought everything in the record shows that the parties and the district court at the time agreed to the parties agreed to recommend did recommend and the district court adopted a 35 that was something that was not even taken into consideration in any serious way and you can see that by looking at several aspects of the record the first would be the plea agreement itself the plea agreement didn't even contemplate that the defendant would be uh designated a career offender it gave a base offense level that was not consistent with that and notably the plea agreement was prepared was initially prepared before the pre-plea plea sr but it was signed and agreed to afterwards in other words even after the psr had determined that the defendant qualified as career offender the plea agreement still maintained that the defendant did not qualify as one um second if you look at the joint motion and very unusual joint motion where the parties had the third agreed to that recommend 35 years which was a significant upward departure over any potential uh guideline sentencing range there's the it's clear that the basis of that upward departure agreed upon upward departure was the exceptionally violent conduct um that just uh of the of the defendant which he admitted to in open court um and finally council wasn't there i don't have the precise wording in mind but there was an exchange at the hearing in which the government suggests to the court that there'd be no reason for the defense to object to the career offender calculation in essence because that's not what's at issue here was there an exchange to that effect that's exactly right your honor in fact the the court was questioning at the time the um uh ausa as to whether he agreed with the career offender designation said in essence neither party has objected to it and the defense council has no reason to object to it in light of the agreement and that exactly is one of the factors that um that uh that strongly suggests and that the um that they had no real uh role in playing the career offender designation no real role playing and that can be found in the um joint appendix at page uh week 115 um and the district court also in its um both in its statement of reasons and in its statement of sentencing made clear that career offender designation played no real part in its determination of the sentence the district court said something to the effect this is a page in page 123 of the joint appendix although i'm going to do the um the sentencing guidelines calculation i'm disposed to depart on the basis of the joint motion in other words bifurcating the reasoning that the sentencing guidelines calculation was entirely separate from the basis of departure which was on the joint motion but even if the career career offender provision was not front and center here in the negotiations there is the provision that allows for an appeal based on a change in the law so if there's been a change in the law with respect to career offender from the time that the plea agreement was entered into until the time for filing an appeal after the sentence and judgment was entered um that still would have been a basis for appeal right right the government certainly your honor the government is not suggesting that the defendant's appeal is in some way invalidated by any agreement in the plea agreement and what do you think would happen in that event since the guideline calculation would no longer be correct wouldn't there have had to have been a resentencing even though as you say the career offender designation played no role your honor suggesting if it's not in the context of a 2255 yes it's different just a regular appeal under that provision there there there there there might have been a resentencing because then the guidelines would have been incorrectly calculated but the result would have been essentially the same because the sentence itself that the party has agreed to and i presume the agreement would still be um it's a little hard to predict what to get the hypothetical what the parties would have agreed to in that case but we know what they did agree to and what they did agree to was despite the fact that the PSR determined that the defendant was a career offender and the party did not object to that PSR that was prior to sentencing obviously it's pre-plea PSR nonetheless the party still went forward with the 3 to 35 year sentence in other words that they were far above um any uh any any conceivable guidelines and the the agreement itself did not incorporate the career offender designation by the uh by the regardless of whether the probation department determined that the defendant qualified a career offender or the or the defendant did not in fact qualify as a career offender as was suggested by the uh the the uh guideline sentencing range in the in the agreement the party still uh had the same um the same determination as to what would be an appropriate sentence in view of the undisputed facts in this case unless the court has further questions i would rest on our briefs for the remainder of the of the arguments all right thank you both